(33 Misc. Rep. 664.)

MILLER et al. v. EDISON ELECTRIC ILLUMINATING CO. OF NEW YORK.

(Supreme Court, Special Term, New York County. January, 1901.)

**1. NUISANCE—MANUFACTURING PLANT—DAMAGES—MEASURE.**

An electric light and power station was erected near a quiet hotel owned by plaintiffs, but rented and in which they lived as boarders. Prior to May 1, 1895, the premises rented for $15,000 per annum, but after that date they were rented for a term of five years for $12,000 per annum; $9,000 unpaid rent being remitted to induce the making up the lease. *Held*, in an action for damages for unnecessary jar and vibration, that plaintiffs could only recover for loss of rental value from May 1, 1895, caused by such of defendant's acts as constitute an excess of its privilege.

**2. SAME—RENT REMITTED—RECOVERY.**

Plaintiffs cannot recover for loss of rental during the period while they had the lawful right to compel the tenant to pay the full amount, and while he was a sufferer from loss of custom by reason of defendant's unlawful use of its plant.

**3. SAME—WAIVER.**

Plaintiffs cannot recover for personal annoyance and discomfort willingly endured by staying at the hotel.

**4. SAME—INJUNCTION—MANNER OF USE.**

Where there was unnecessary vibration from an electric power station near a private family hotel, in an action by the owner of the hotel an injunction will not be granted against the maintenance of the power station in activity, but only against overloading the machinery, causing the vibration and jar.

Action for an injunction and damages by Eli P. Miller and another against the Edison Electric Illuminating Company of New York. Judgment for plaintiff.

Frank M. Hardenbrook (Roger A. Pryor, of counsel), for plaintiffs.
Beardsley & Hemmens, for defendant.

RUSSELL, J. The difficulty in determining the rights of those who live or transact business in the vicinity of a building wherein is carried on manufacturing enterprise or the generation of electric light and power, as against the results produced by the mechanical force used and the combustion of coal essential to create that force, lies rather in drawing the line which separates the lawful and reasonable exercise of mechanical forces for proper purposes from the excessive, negligent, or novel introduction of noise, jar, vibration, or foul vapors and dust into a peaceful neighborhood, than in the determination of the principles of law which prevent and compensate. Where a nuisance is created, redress may be had by injunction and damages. Bly v. Illuminating Co., 54 App. Div. 427, 66 N. Y. S. 737; Rosenheimer v. Gaslight Co., 39 App. Div. 482, 57 N. Y. S. 330; Cogswell v. Railroad Co., 103 N. Y. 10, 8 N. E. 537; Garvey v. Railroad Co., 159 N. Y. 323, 54 N. E. 57.

It is said by the defense that no injunction lies unless the conditions, as they exist at the time of the trial, warrant. Such is the rule where the evidence shows the past transgressions have fully ceased, and an innocent condition permanently arranged. But intermissions in violence or disturbance, with a sufficient power to

resume the disorder, especially if that disorder has been in part caused in the past by omission or neglect, will not wash out the foundation for injunctive relief which might have been obtained had the action been begun earlier. In the year 1888 the Edison Company erected a power station at Nos. 47 to 51 West Twenty-Sixth street, in the city of New York. The building was equipped with the necessary boilers, dynamos, and machinery to serve the public and the city with a large number of lights, amounting at the time of the trial to about 25,000. The plaintiffs owned Nos. 37 to 41 West Twenty-Sixth street, which were formerly dwelling houses, but then turned into what was denominated by the witnesses as a quiet, family hotel, conducted on a temperance basis, and which buildings were 43 feet away from the power station. During the six years prior to the commencement of the action, and for some time before, the premises were occupied by a lessee from the plaintiffs; they residing in the hotel as guests, like the other patrons. Prior to May 1, 1895, the rental had been $15,000 per annum, and after that date, on a five years' lease, $12,000 per annum. It is claimed by the plaintiffs that the remission of $9,000 in the unpaid rent in 1895 was then made to induce the tenant to take another term at $12,000 per year. An action was brought by the tenant against this defendant to recover all the damages which were sustained by the possessor of the premises disturbed, for the unlawful interference in the quiet use and enjoyment of the premises occasioned by the acts of the defendant alleged to have been unlawful. That action appears to have been tried, but not decided. The plaintiffs here claim, not only an injunction, but also damages for loss of rental value, the allowance of $9,000 arrears on the first lease, and those damages occasioned by the personal annoyance and discomfort.

I think the plaintiffs can hardly claim a recovery for current depreciation in rental values, and at the same time demand compensation for those things which occasioned the depreciation in those rental values, and which caused the tenant to refuse to pay as much as formerly, because he himself had sustained the loss. Nor can the plaintiffs insist upon compensation for a loss of rental during the period while they had the lawful right to compel the tenant to pay the full amount, and while, if the claim be true, the tenant was himself a sufferer from loss of custom. Nor can the landlord recover for personal annoyance and discomfort which he willingly endured, for he had as good a right to vacate as any other boarder. There can be no double recovery, even where there is an unlawful interference with rights. The right to damages, therefore, must arise, none being claimed for injury to the fee, when the loss of rental value became felt by the landlord. That period was May 1, 1895. The damages herein awarded, given to these plaintiffs, are for the depreciation in the productive power of these premises on account of such of the defendant's acts as constitute an excess of its privilege from the period named. And, in the determination of the relief which is awarded the plaintiffs by way of injunction and damages, this court does not decide that the entire depreciation of possessory value is owing to the Edison power station, or that every

depreciation which may be occasioned by its contiguity shall be charged to the defendant as wrongful.

It is very certain that manufacturing enterprises may be maintained in busy cities, even though they do occasion some noise, disturbance, and jar. Their uses are so essential, and in harmony with the needs of man and his development, that it is always well to view their conduct with full consideration of the necessities of their existence, even while giving a hearty and deserved recognition to the rights of those affected by their activities. The counsel for the plaintiffs urge that the eyes of Justice should be blind to consequences, and that her famous statue stood with darkened vision, that she might not see what would result from her decision. It would seem to this court that the greater object in blinding Justice was to prevent her seeing the personnel of those interested in her judgment, and that modern Justice cannot have her eyes too widely open to take in all the things which may produce great benefits or great hardships for insufficient or unrighteous cause.

Nor is it apparent from the evidence that this half block on West Twenty-Sixth street is the only portion of the city of New York which for the past 12 years has remained stationary in possessory value or character of occupation. The currents which move the action of men in the great city of New York have had their effect here. Its residential population is partly lost by movements to upper portions of the city, erection of apartment houses and numerous hotels, which have the convenience of elevators and baths, which this hotel has not. Business has invaded this region, and, apart from the depreciating causes incident to the commercial revulsion of 1893, we can readily see why so great a profit cannot now be had from the use of this quiet family hotel, not adapted to present exigencies, as could have been realized 10 years ago.

We have so far assumed that some cause of action exists for which the plaintiffs may recover. That assumption accords with the judgment of this court. Up to October, 1899, there was at times unnecessary jar and vibration, and prior to March, 1899, more noise and disturbance from the removal of ashes than the occasion required. At times there was also a deposit of soot and cinders which may fairly be taken into consideration. The main grievance, however, was the vibration and jar, without which the other causes might have been insufficient to justify injunctive relief. Only occasional transgressions beyond the power of lawful privilege, since October, 1899, have been proven. I cannot, therefore, award any injunction against the maintenance of the power station in activity, but do determine that an injunction shall lie against overloading the machinery, which is entirely within the control of the defendant, especially as it has now in process of construction another power plant which will assist in lightening the burden the station on Twenty-Sixth street has to carry, and against any jar or vibration arising from more than the customary use since October, 1899. The removal of the structure between the station and the plaintiffs' premises, unless the new building substituted be improperly used, will, with due care, render any jar or vibration communicated 43 feet away to the plaintiffs'

building so small as to be inappreciable in the law. For the damages sustained by the plaintiffs under the principles indicated, including all the damages legally sustained by them to the time of this decision, I award the sum of $4,500.

Ordered accordingly.